IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

K.L, a minor, by and through his parents
and natural guardians K.L. and E.L.,
Parents,
Plaintiffs,

        v.

THE LOWER MORELAND TOWNSHIP
SCHOOL DISTRICT,
Defendant.

No. 24-

**COMPLAINT**

**INTRODUCTION**

1.  This matter arises from the decision of a special education hearing officer, that was issued in response to a due process complaint submitted by the K.L. and E.L. (Parents), which asserted that the District failed to provide Student with a free, appropriate, public education (FAPE) for the 2021-2022 and 2022-2023 school years. Parents also asserted that the District failed to offer an appropriate educational program to Student for the 2023-2024 school year and sought tuition reimbursement for the enrollment of Student in a private school.

2.  Parents seek full tuition reimbursement for the Student's enrollment in the Woodlynde School, a private school that focuses on providing instruction to children with learning disabilities, pursuant to 20 U.S.C. § 1412(a)(10) and 34 C.F.R. § 148, for the 2023–2024 school year.

3.  Plaintiffs further assert a violation of their rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), and the

1

Americans with Disabilities Act, 42 U.S.C. § 12161 and 12165 (ADA).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter under the judicial review provisions of the IDEA at 20 U.S.C. § 1415 (i)(2) and 34 C.F.R. § 300.516. Venue in this Court is proper under 28 U.S.C. § 1319 (b)(1) in that all of the occurrences relevant to this action took place within the Eastern District of Pennsylvania and under 28 U.S.C. § 1319 (b)(2) in that the parties reside within this District.

**PARTIES**

5. The Plaintiffs reside in Montgomery County, Pennsylvania. Student is currently in the 8th grade and currently attends the Woodlynde Academy. Student has been identified as a student with Learning Disability and therefore has been deemed a "child with a disability" and eligible for special education services under the IDEA.

6. Defendant, Lower Moreland Township School District, is a publicly funded school district and is the "Local Educational Agency" as provided in the IDEA, 20 U.S.C. § 1401 (1)(A), and, as such, has the obligation to provide K.L. with a Free Appropriate Public Education.

7. The District is also a recipient of federal funds and is a public entity within the meaning of 42 U.S.C. § 12141 and is, therefore, charged with providing reasonable accommodations under § 504 of the Rehabilitation Act and under the Americans with Disabilities Act.

**FACTUAL ALLEGATIONS**

8. Parents asserted, in the administrative complaint, that the District failed to

provide K.L. with appropriate reading instruction during the 2021-2022 and 2022-2023 school years (K.L.'s fifth and sixth grades), and further sought tuition reimbursement for K.L.'s enrollment in the Woodlynde School for the 2023-2024 school years.

9. A due process hearing was convened before Hearing Officer Joy Fleming, Esq., which spanned five separate sessions and was concluded on March 5, 2024. After submission of written briefs by counsel for the parties, the Hearing Officer issued her decision on April 11, 2024.

10. The Hearing Officer concluded that the District provided K.L. with an appropriate education during the 2021-2022 school year, and through the first half of the 2022-2023 school year, that the District failed to provide Student with an appropriate education from December 6, 2022 through the end of that school year in June, 2023 and awarded compensatory education Student at the rate of thirty minutes per day, and that the District failed to offer Student an appropriate program for the 2023-2024 school year.

11. The Hearing Officer awarded the Parents tuition reimbursement for the cost of Student's enrollment in the Woodlynde School for that year, but reduced the award by 40% based upon her finding that the parents did not provide the District with a copy of a private reading assessment that was obtained in July, 2023, until October, 2023.

12. The Hearing Officer erred in regard to the determination that the District provided K.L. with a FAPE from the first day of the 2022-2023 school year through December 6, 2022 and by reducing that the award of tuition

reimbursement by 40% based on a balancing of the equitable considerations as provided in the IDEA, 20 U.S.C. § 1412(a)(10)(C)(iii)(III) and 34 C.F.R. § 300.148(d)(3) for the failure to provide the District with a copy of a reading assessment until October, 2023.

13. Parents assert that the Hearing officer's finding that the District provided Student with an appropriate education in reading during the first half of the 2022-2023 school year is not supported by substantial evidence in that a preponderance of the evidence of record establishes that the Read 180 program that was utilized for K.L.'s reading instruction failed to address the Student's critical deficit in "basic reading skills" which include phonological awareness, phonics and decoding, which should have been apparent at the beginning of the school year.

14. Notwithstanding ample evidence in the record that supports the Parents' contention in this regard, the Hearing Officer's decision does not address the appropriateness of the Read 180 program and the causal effect between use of the program and the lack of meaningful progress in K.L.'s basic reading skills. The administrative decision further fails to address the evidence that sows that Student did not make meaningful progress throughout the school year.

15. The Hearing Officer erred by reducing the tuition reimbursement award by 40% based upon the fact that the parents provided the District with a copy of a private reading assessment that was completed in July, 2023 at the IEP meeting that was convened on October 5, 2023.

16. The 40% reduction was not justified in light of the evidence of record demonstrating that: (a) the reading assessment was not a full evaluation but was a limited

assessment conducted by a reading specialist who was retained to provide Student with tutoring over the summer; (b) the District Supervisor of Special Education testified that the assessment did not provide the District with any new information relevant to Student's reading instruction and, (c) the Parents did not seek reimbursement for the cost of the assessment from the District.

17. Therefore, the delay in providing the District with a copy of the limited private reading assessment did not in any way inhibit or interfere with the District's effort to develop a proposed IEP for Student.

**CAUSES OF ACTION**:

18. The Hearing Officer's decision is not supported by a preponderance of the evidence insofar as it concludes that the District provided K.L. with an appropriate education from the first day of the 2022-2023 school year to December 6, 2023 of that year and ask that the Court award compensatory education for the entire school year.

19. The hearing Officer's reduction of the tuition reimbursement award is in error and violates the Parent's right to recover full tuition and related costs related to Student's enrollment for eh Woodlynde School under the IDEA, 20 U.S.C. § 1412(a)(10) and 34 C.F.R. § 148 and also under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), and the Americans with Disabilities Act, 42 U.S.C. § 12161 and 12165 (ADA).

20. The parents are the prevailing parties in this action and entitled to recover their attorney's fees and costs pursuant to 20 USC § 1415 (i)(3)(A)-(D).

   **WHEREFORE**, Plaintiffs request the following relief:

1. That this Court enter judgment in favor of the Plaintiffs and against the Defendant.

2. That this Court reverse the decision of the Hearing Officer insofar as the Hearing Officer concluded that the District provided Student with an appropriate education in reading from the first day of the 2022-2023 school year to December 6, 2023 of that year, and award appropriate compensatory education for the entire 2022-2023 school year.

3. That this Court reverse the decision of the Hearing Officer insofar as it reduced the award of tuition reimbursement for the 2023-2024 school year by 40% and instead award full tuition reimbursement for that year.

4. Award Plaintiffs their reasonable attorney's fees and costs arising from this action and from the administrative hearing.

5. Grant such other relief as the Court deems just and appropriate.

Respectfully submitted:

/s/Frederick M. Stanczak
Frederick M. Stanczak
59 Creek Drive
Doylestown, PA 18901
(215) 340 5000
ID No. 27773
Attorney For Plaintiffs

Dated: <u>July 10, 2024</u>